ARMOUR *et al. v.* KIRCHOFF.

*(City Court of New York, General Term.   May 25, 1892.)*

APPEAL—CONFLICTING EVIDENCE.

A finding by the jury on conflicting evidence will not be disturbed.

Appeal from trial term.

Action by Philip D. Armour and others against Fred. Kirchoff.   From a
judgment for plaintiffs, defendant appeals.   Affirmed.

Argued before McGOWN, McCARTHY, and NEWBURGHER, JJ.

*Frederick A. Botty*, for appellant.   *H. M. Greene*, for respondents.

McGOWN, J.   The complaint alleges (paragraph 2) that plaintiffs between
the 20th day of February, 1890, and the 2d day of July, 1890, sold and
delivered to the defendant meat, at the special instance and request of de-
fendant, which said goods were reasonably worth the sum of $1,717.12; that
no part had been paid, except the sum of $1,252.36, leaving a balance due
and owing to plaintiffs from defendant of $464.76.   Defendant in his answer
sets up—*Second.* A general denial of each and every allegation in paragraph
2 of said complaint.   *Third.* That at the time mentioned in paragraph 2
of said complaint he was not engaged in the butcher business, and that
he did not have any business transaction with the plaintiffs whatsoever;
that when the summons herein was served on him it was served on the wrong
person, etc.   A bill of particulars was offered in evidence marked "Defend-
ant's Exhibit 1," showing an account between May 13, 1890, and July 29,
1890, between Mr. F. Kirchoff and Armour & Co., and a balance unpaid of
$464.76, and it was admitted by defendant's counsel that certain goods were
sold and delivered as mentioned in the bill of particulars, but not to his
client, and that young Kirchoff was the one that received the goods.   The
sale being admitted, also the value of the goods, the only question to be sub-
mitted to the jury and the only issues to be passed upon were, to whom were
the goods sold, to the defendant, Fred. Kirchoff, or to his son Fred. Kirchoff,
Jr.?   The trial justice in his charge stated to the jury: "The first question
to be submitted to you is, to whom were the goods in question sold?   If you
determine that the goods were sold to Kirchoff, Sr., your verdict will be for
the plaintiffs for $464.76, with interest."   The jury, having rendered their

verdict for the plaintiffs upon a disputed question of fact, for the amount claimed and interest, evidently found as a question of fact that the goods in question were sold to the defendant, and not to the defendant's son, F. Kirchoff, Jr., and we see no reason for disturbing their verdict. We have examined the exceptions taken upon the trial, and found no merit therein. Judgment and order appealed from must be affirmed, with costs to the respondent. All concur.